## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

**KELLY JONES,**

    **Plaintiff,**

                                  **Case Number _____**

**v.**

**DX SOLUTIONS, LLC**
**d/b/a Solaris Diagnostics,**

    **Defendant.**

_____/

### Complaint & Jury Demand

1.    The Plaintiff, Kelly Jones, sues Defendant, DX Solutions, LLC doing business as Solaris Diagnostics, for unpaid overtime in violation of the Fair Labor Standards Act (FLSA) and pregnancy discrimination in violation of the Kentucky Civil Rights Act (KCRA).

2.    Plaintiff resides in Lexington, Kentucky.

3.    Defendant resides in Nicholasville, Kentucky.

4.    Plaintiff began working for Defendant on or about August 14, 2018.

5.    Defendant employs over 15 employees.

6.    Defendant employs employees that handle goods or materials that have moved interstate commerce such as safety goggles, beakers, flasks, test tubes, tongs, watch glasses, crucibles and funnels.

7.      Defendant is in the business of laboratory work.

8.      Defendant does laboratory testing for its clients, who are located both inside and outside the Commonwealth of Kentucky.

9.      Defendant has annual gross revenues of over $500,000.00.

10.      Defendant is an enterprise.

11.      Defendant is an enterprise engaged in commerce.

12.      Plaintiff was Defendant's employee.

13.      Defendant was Plaintiff's employer from on or about August 2018 to on or about December 2018.

14.      The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) over the FLSA count.

15.      The Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the KCRA count.

16.      Both counts involve the employer-employee relationship, Plaintiff's work, Defendant's supervision and decisions regarding the employment.

17.      Venue is appropriate in Lexington, because Plaintiff worked for Defendant in Jessamine County, Kentucky.

18.      Plaintiff was a laboratory technician for Defendant from August 14, 2018 to December 13, 2018.

19.      John Drury was Plaintiff's supervisor.

20.     Preetal Sidhu, the owner, had the authority to hire and fire Plaintiff.

21.     Sidhu regularly works at Defendant.

22.     Sidhu makes decisions regarding his employees.

23.     Sidhu is not a passive business owner.

24.     Sidhu is the ultimate decision maker regarding Defendant's

businesses and employment practices.

**Count I - FLSA**

25.     Plaintiff reincorporates paragraphs 1 through 24 as fully stated

herein.

26.     Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

27.     Defendant is an enterprise engaged in commerce as defined by 29

U.S.C. § 203(s).

28.     Defendant was Plaintiff's employer as defined by 29 U.S.C. §

203(d).

29.     Plaintiff sues Defendant pursuant to 29 U.S.C. § 216(b).

30.     Defendant failed to pay Plaintiff overtime pursuant to 29 U.S.C. §

207(a)(1).

31.     Plaintiff worked more than 40 hours a workweek for one or more

workweeks without receiving overtime pay.

32.     Defendant provided compensatory time for some overtime hours worked.

33.     Sidhu does not pay his laboratory technicians overtime.

34.     Sidhu provides compensatory time.

35.     Defendant does not keep accurate time records of all its employees.

36.     Defendant does not accurate time records for Plaintiff pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

37.     Plaintiff does not have a doctorate.

38.     Plaintiff does not have a master's degree.

39.     Defendant does not require a specific degree for Plaintiff's job.

40.     Plaintiff's job could have been learned through work.

41.     Defendant has policies and procedures in place in order to allow an entry level employee to perform the job that Plaintiff performed for Defendant.

42.     Plaintiff was closely supervised by Drury.

43.     Sidhu demanded that Drury supervise his employees.

44.     Drury and Sidhu were ultimately responsible for the work product.

45.     Plaintiff did not supervise two or more employees.

46.     Plaintiff did not have the authority to hire and fire employees.

47.     Plaintiff did not have the authority to discipline employees.

48.     Plaintiff was not a supervisor.

49.     Defendant conducts laboratory testing as its principal business activity.

50.     Plaintiff conducted rote laboratory testing for Defendant during her employment from on or about August 2018 to on or about December 2018.

51.     Defendant paid Plaintiff every other week.

52.     Defendant did not pay Plaintiff time and a half of her hourly rate for overtime.

53.     Defendant paid Plaintiff for no more than forty hours of work in a workweek.

54.     Defendant willfully violated the FLSA or acted in reckless disregard of the statute.

Wherefore, Plaintiff demands trial by jury, judgment, unpaid overtime, liquidated damages, attorneys' fees and costs.

**Count II - KCRA**

55.     Plaintiff reincorporates paragraphs 1 through 24 as if fully stated herein.

56.     Defendant discriminated against Plaintiff because she was pregnant in violation of KRS 344.040(1).

57.     Plaintiff sues Defendant pursuant to KRS 344.450.

58.     Plaintiff is a female.

59.     Plaintiff is pregnant and was pregnant while employed by Defendant.

60.     Defendant learned that Plaintiff was pregnant.

61.     Plaintiff was able to do her job.

62.     In fact, Plaintiff had successfully done the same job for the Veterans Administration (VA).

63.     Sidhu and Drury do not like their employees to take breaks.

64.     During her first trimester Plaintiff had nausea due to her pregnancy.

65.     Plaintiff, also, needed to use the bathroom more frequently than before she was pregnant.

66.     Neither Plaintiff's nausea nor her need for bathroom breaks prevented her from doing her primary job duties.

67.     Defendant did not have any objection to Plaintiff missing work for a wedding or a personal vacation.

68.     However, Defendant objected to short breaks and minor work scheduling changes due to her pregnancy.

69.     Defendant was concerned that Plaintiff would need continuous time off when she gave birth.

70.     Defendant treated Plaintiff differently when it discovered she was pregnant.

71.     Defendant made Plaintiff take a drug test shortly after it found out that Plaintiff was pregnant.

72.     Defendant did not send out the drug test to an impartial lab.

73.     Defendant did not follow protocol in taking the drug test.

74.     Defendant did not follow protocol or minimal drug testing requirements when it tested Plaintiff's urine.

75.     Defendant failed to seal Plaintiff's urine sample.

76.     Defendant failed to assure that Plaintiff's urine sample was the correct temperature.

77.     Sidhu believes that there are no problems in testing one's own employees' urine.

78.     Sidhu has implemented a practice at Defendant which permits him to ask for his employees' urine samples and conduct tests without any written authorization or laboratory safety protocols.

79.     Defendant harassed Plaintiff for being pregnant.

80.     Defendant changed the terms and conditions of Plaintiff's employment due to her sex.

7

81.     For instance, Defendant demanded Plaintiff confess her personal views on cannabis on the threat of termination after it discovered she was pregnant.

82.     Defendant made Plaintiff give a urine sample (that was not conducted pursuant to accepted drug testing practices) because she had morning sickness associated with being pregnant.

83.     Plaintiff became anxious, lost sleep and was working under harassing circumstances due to Defendant's conduct.

84.     Defendant altered Plaintiff's urine sample.

85.     Defendant cast Plaintiff in a false light claiming that Plaintiff provided a false urine sample.

86.     Defendant besmirched Plaintiff to her colleagues.

87.     Finally, Defendant fired Plaintiff due to her pregnancy.

88.     On December 12, 2018 Plaintiff called Defendant to advise she could not come to work due to being ill from her pregnancy.

89.     Defendant objected to Plaintiff's request to take a sick day.

90.     Plaintiff had available time off pursuant to Defendant's policies and practices.

91.     Plaintiff went to work on December 13, 2018 and was terminated.

92.     Defendant terminated Plaintiff because she was pregnant.

93.     Defendant never wrote Plaintiff up.

94.     Defendant never placed Plaintiff on a performance improvement plan.

95.     Defendant never told Plaintiff that she would be terminated for being sick.

96.     Plaintiff explicitly asked why she was being terminated and Defendant refused to answer.

97.     Plaintiff needed her job.

98.     Plaintiff promptly provided Defendant a note from her doctor, Dr. Miriam Marcum, that she had an appointment with her office on December 13, 2018 (the date she was wrongfully terminated) for prenatal care.

99.     Additionally, Plaintiff notified Defendant on December 13, 2018 that she had worked extra on September 24th, October 29th, November 11th, 19th, 26th and December 3rd entitling her to additional paid time off pursuant to Defendant's own employment policies.

100.    Defendant has a handbook.

101.    Defendant claims in its handbook that absences due to pregnancy are excused.

102.    Defendant claims in its handbook that employees that have a baby are entitled to a period of time off.

103.     Despite its maternal care written policy Defendant terminated Plaintiff for missing work on December 12, 2018 and harassed Plaintiff for needing time off for pregnancy related absences.

104.     Defendant violated its own written policies in terminating Plaintiff.

105.     Defendant does not mind absences as long as they are not related to pregnancy or illness.

106.     Defendant did not want to provide Plaintiff the time off that it promised in its handbook.

107.     The handbook maternal leave policy is intended to attract employees.

108.     The handbook maternal leave policy also intends to deflect from overt discriminatory practices by Defendant.

109.     Defendant harassed Plaintiff because she was pregnant.

110.     Defendant discriminated against Plaintiff because she was pregnant.

111.     Defendant fired Plaintiff because she was pregnant.

112.     Defendant intentionally violated the KCRA or acted in reckless disregard of the statute.

Wherefore, Plaintiff demands trial by jury, back pay, front pay, actual damages for loss of sleep, anxiety due to being pregnant without gainful

employment, being harassed at work, being terminated, judgment, equal

employment opportunity training for Sidhu as well as all employees, attorneys'

fees and costs.

Respectfully submitted this 27th day of March 2019,

/s/ **Bernard R. Mazaheri**
Bernard R. Mazaheri
Mazaheri *&* Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (863)838-3838
Email – bernie@thelaborfirm.com